**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-20-CR-1880-KC(1)** |
| | § | |
| **JESUS DAVID RIOS** | § | |

## <u>FINDINGS OF FACT & CONCLUSIONS OF LAW</u>

On this day, the Court considered the case.  On March 5, 2026, the Government filed a Motion for Revocation, ECF No. 86, seeking to revoke Defendant's supervised release on the grounds specified in the Probation Form 12(c), ECF No. 82.  The Court heard evidence—including live witness testimony—and argument over the course of several days.  Mar. 24, 2026, Minute Entry, ECF No. 95; Apr. 1, 2026, Minute Entry, ECF No. 98; Apr. 9, 2026, Minute Entry, ECF No. 106; Apr. 27, 2026, Minute Entry, ECF No. 114; May 20, 2026, Minute Entry, ECF No. 129.  On May 20, the Court found by a preponderance of the evidence that Defendant violated his conditions of supervised release as specified in the Form 12(c), revoked Defendant's supervised release, and sentenced him to eight months of incarceration, after which he would be placed back on supervised release.  May 20, 2026, Minute Entry.

Defendant requested findings of fact and conclusions of law.  The Court finds the following by a preponderance of the evidence.

### FINDINGS OF FACT

1.  One condition of Defendant's supervised release was that he shall not commit another federal, state, or local crime.  J & C, at 3 ¶ 1, ECF No. 62.

2.  On the evening of February 6, 2026, Gregorio Gomez Ibarra was working as an Uber driver when he responded to a ride request from Julissa Janelle Rodriguez, who was

waiting at Ojos Locos bar in El Paso, Texas.

3. Rodriguez got into Gomez Ibarra's car, but as they prepared to leave, Defendant approached and asked Rodriguez to get out of the vehicle. Rodriguez declined and asked Gomez Ibarra to drive away. Gomez Ibarra drove away, and Defendant got in his own vehicle and followed them.

4. Gomez Ibarra merged onto the freeway, and Defendant began to follow at a distance so close that it was unsafe. If Gomez Ibarra were to stop or slow down suddenly, he was concerned that Defendant would hit his vehicle. Because of this concern, Gomez Ibarra increased his speed to between eighty and ninety miles per hour, although the speed limit was sixty.

5. Afraid that there would be a serious accident, Gomez Ibarra exited the highway.

6. Defendant followed Gomez Ibarra down the offramp, and continued to drive very close behind him, well in excess of the speed limit.

7. For much of the drive, Rodriguez and Defendant were talking on the phone.

8. At some point after they exited the highway, Rodriguez and Defendant stopped talking on the phone. Shortly after that, Defendant hit Gomez Ibarra's vehicle with his vehicle.

9. By driving dangerously close to Gomez Ibarra's vehicle at a high rate of speed, Defendant intended to put Gomez Ibarra and Rodriguez in fear of imminent bodily injury. In other words, he intended to communicate a threat to ram their vehicle with his vehicle and cause an accident.

10. Gomez Ibarra was, in fact, put in fear that a serious and potentially injurious collision would imminently occur, and this fear was reasonable under the circumstances.

11. During the revocation proceedings, Gomez Ibarra generally testified credibly,

considering such factors as consistency, motives, demeanor, corroboration, and inherent plausibility.

12. Rodriguez's testimony generally lacked credibility, considering those same factors.

**CONCLUSIONS OF LAW**

1. The Probation Form 12(c) adequately put Defendant on notice that he was accused of committing aggravated assault by threat, in violation of Texas law, by describing factual allegations that would constitute the commission of that offense and stating that he had been charged with "Aggravated Assault with a Deadly Weapon." Probation Form 12(c), at 2; *see Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972).

2. The elements of aggravated assault by threat under Texas law are that the Defendant (1) intentionally or knowingly, (2) threatened another with imminent bodily injury; (3) while using or exhibiting a deadly weapon. *Goldsmith v. State*, No. 14-12-614-cr, 2014 WL 261007, at *6 (Tex. App. Jan. 23, 2014) (citing Tex. Penal Code §§ 22.01(a)(2), 22.02(a)(2)); *see also Ward v. State*, 113 S.W.3d 518, 521 (Tex. App. 2003).

3. A motor vehicle is a deadly weapon when used in a way that would be capable of causing death or serious bodily injury. *See, e.g.*, *Fobbs v. State*, No. 07-23-306-cr, 2024 WL 1895158, at *1 (Tex. App. Apr. 30, 2024) (citations omitted); *Collins v. State*, No. 09-04-407-cr, 2005 WL 3074154, at *5 (Tex. App. June 8, 2005) (citations omitted).

4. "A threat can be communicated by actions or conduct as well as words." *Black v. State*, No. 2-05-388-cr, 2006 WL 2507325, at *3 (Tex. App. Aug. 31, 2006) (citing *Blount v. State*, 542 S.W.2d 164, 166 (Tex. Crim. App. 1976)).

5. "Aggravated assault by threat is a 'nature of the conduct offense' that can be committed only by knowingly or intentionally causing the victim to reasonably apprehend imminent

bodily injury because of a communicated threat." *Black*, 2006 WL 2507325, at *3 (first citing *In re S.B.*, 117 S.W.3d 443, 450 (Tex. App. 2003); and then citing *Guzman v. State*, 988 S.W.2d 884, 887 (Tex. App. 1999)).

6. The Court finds that the Government has proven by a preponderance of the evidence that Defendant committed the offense of aggravated assault by threat, in violation of section 22.02 of the Texas Penal Code, on February 6, 2026.  That is, he intentionally threatened Rodriguez and Gomez Ibarra with imminent bodily injury, while using a deadly weapon, when he aggressively chased them at a high rate of speed in a motor vehicle.  By committing said offense, Defendant violated a condition of his supervised release.

**SO ORDERED.**

**SIGNED this 21st day of May, 2026.**

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE